IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-20-2315 |
| | * | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * | |
| Respondent. | * | |

***

## MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C.§ 2254 was received for filing on August 10, 2020ECF No. 1 .  Petitioner challenges his 2006 conviction for first degree murder and the use of a handgun in the commission of a crime of violence.  The Attorney General was directed to file an Answer to the Petition, and did so on September 23, 2020.  The Answer points out that this is not Petitioner's first habeas petition.  Instead, Petitioner previously sought habeas relief in this court on one other occasion.  *See* DKC-10-2527.

Under 28 U.S.C. § 2244, Petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996).  The pending Petition is successive; and this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so.  *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  Because it does not appear that Petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the request for authorization with the Fourth Circuit and obtain authorization to file a successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude Petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a Certificate of Appealability.

A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge